UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

FILED
CHARLOTTE, NC

SEP 19 2023

US DISTRICT COURT
WESTERN DISTRICT OF NC

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | DOCKET NO. **3:23-cr-200-RJC** |
| | ) | |
| v. | ) | **BILL OF INDICTMENT** |
| | ) | |
| **MANDY DEANN URBAN** | ) | Violation: |
| a/k/a Mandy Kos | ) | 18 U.S.C. § 1343 |

THE GRAND JURY CHARGES:

At the specified times and at all relevant times:

### INTRODUCTION

1. Between in or about January 2019 and in or about June 2022, Defendant MANDY DEANN URBAN, also known as Mandy Kos, engaged in a scheme to defraud a Charlotte, North Carolina company by abusing her position as an accountant to embezzle approximately $1.1 million in company funds.

2. URBAN generally spent the embezzled funds to pay for personal expenses including tens of thousands of dollars for mortgage, car, education, and vacation expenses. Additionally, URBAN transferred significant amounts of embezzled funds to her family members and to an account at Robinhood for the purchase of crypto currency.

### BACKGROUND

3. Victim Company was a business located in Charlotte, North Carolina.

4. URBAN was a resident of Charlotte, North Carolina and Matthews, North Carolina. URBAN was a senior staff accountant for Victim Company. URBAN maintained personal bank accounts at Regions Bank and Truliant Federal Credit Union.

1

## THE FRAUDULENT SCHEME

5. It was part of the scheme that URBAN worked as a senior staff accountant for Victim Company and was responsible for maintaining the general ledger; preparing journal entries and financial statements; preparing payroll and payroll tax returns; and reconciling the company's accounts receivable, accounts payable, and bank statements. URBAN had authority over Victim Company's financial accounts, including the authority to transfer funds.

6. It was further part of the scheme that URBAN made wire transfers to herself of funds that were in addition to the compensation that she was entitled to receive and were made without authorization from Victim Company.

7. It was further part of the scheme that URBAN disguised her fraud by creating false and fraudulent entries in Victim Company's financial records. For example, URBAN categorized many fraudulent transfers that she made to herself as payroll to "X" in transmissions to the Victim Company's bank and then further disguising the transactions in the software system and accounting records of Victim Company. URBAN also falsified accounting records to conceal her scheme.

8. It was further part of the scheme that URBAN made more than 245 fraudulent transfers from the accounts of Victim Company totaling approximately $1,115,344.73.

9. As part of the fraudulent scheme, URBAN engaged in financial transactions to pay for her personal expenses with funds embezzled from Victim Company, including:

   a. Payments of more than $15,000 to Capital One Auto Carpay;

   b. Payments of more than $29,000 for vacations at Walt Disney World;

   c. Payments of more than $40,000 to Credit One Bank;

   d. Payments of more than $26,000 to Freedom Mortgage;

   e. Payments of more than $54,000 to Invitation Homes;

   f. Payments of more than $14,000 for student loans; and

   g. Transfers of more than $140,000 to Robinhood.

## COUNT ONE
## 18 U.S.C. § 1343
### (Wire Fraud Scheme)

10. The Grand Jury realleges and incorporates by reference herein all of the allegations contained in paragraphs one through nine of the Bill of Indictment, and further alleges that:

11. From in or about January 2019 through in or about June 2022, in Mecklenburg County, within the Western District of North Carolina, and elsewhere, the defendant,

**MANDY DEANN URBAN**
a/k/a Mandy Kos,

with the intent to defraud, did knowingly and intentionally devise the above described scheme and artifice to defraud and obtain money by materially false and fraudulent pretenses, representations, and promises, and by concealment of material facts, and, for the purpose of executing such scheme and artifice to defraud, did cause to be transmitted by means of wire communications in interstate and foreign commerce any writing, signal, or sound, in that, among other things, the defendant, did send and cause to be sent wire transfers of funds in interstate commerce between the Victim Company's bank account and URBAN's personal bank accounts at Regions Bank and Truliant Federal Credit Union.

All in violation of Title 18, United States Code, Section 1343.

## NOTICE OF FORFEITURE AND FINDING OF PROBABLE CAUSE

Notice is hereby given of 18 U.S.C. § 982 and 28 U.S.C. § 2461(c). Under Section 2461(c), criminal forfeiture is applicable to any offenses for which forfeiture is authorized by any other statute, including but not limited to 18 U.S.C. § 981 and all specified unlawful activities listed or referenced in 18 U.S.C. § 1956(c)(7), which are incorporated as to proceeds by Section 981(a)(1)(C). The following property is subject to forfeiture in accordance with Section 982 and/or 2461(c):

a. All property which constitutes or is derived from proceeds of the violations set forth in Count One of this Bill of Indictment; and

b. If, as set forth in 21 U.S.C. § 853(p), any property described in (a) cannot be located upon the exercise of due diligence, has been transferred or sold to, or deposited with, a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, all other property of the defendant/s to the extent of the value of the property described in (a).

The Grand Jury finds probable cause that the following property is subject to forfeiture on one or more of the grounds stated above:

a. A forfeiture money judgment in the amount of at least $1,115,344.73, such amount constituting the proceeds of the violations set forth in Count One.

A TRUE BILL:

FOREPERSON

DENA J. KING
UNITED STATES ATTORNEY

Jenny G. Sugar
ASSISTANT UNITED STATES ATTORNEY

4