IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

DOCKET NO. 3:23-CR-00200

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CONSENT ORDER FOR |
| v. ) | THIRD PARTY PETITION |
| ) | |
| MANDY DEANN URBAN ) | |
| a/k/a "Mandy Kos" ) | |

THIS MATTER IS before the Court by consent of the United States of America and Petitioner Freedom Mortgage Corporation ("Petitioner"), through counsel, pursuant to 21 U.S.C. § 853(n) and Fed. R. Crim. P. 32.2. The Government and Petitioner have consented to this Order as a final adjudication and settlement of all matters with regard to the following property ("the Property") identified in the Consent Order and Judgment of Forfeiture (Doc. 32):

**The real property located at 2721 Briar Ridge Drive, Charlotte, North Carolina, more particularly described in a Deed recorded at Deed Book 35809, Pages 410-413, in the Mecklenburg County Public Registry.**

The parties have **STIPULATED AND AGREED** and the **COURT FINDS AS FOLLOWS:**

1. On or about March 16, 2021, Certainty Home Loans provided a loan in an original principal amount of $362,598.00, advanced on behalf of Borrower Mandy Deann Kos (a/k/a Mandy Deann Urban), for the Property. On January 10, 2024, a Corporate Assignment of Deed of Trust was filed transferring the loan from Certainty Home Loans to Freedom Mortgage Corporation. The Title Report for the Property reflects that Petitioner is the only current lienholder. On April 4, 2024, Petitioner advised the Government via email of their intent to file a Petition for their interest in the Property after they received notice of the Consent Order and

1

Judgment of Forfeiture.[1] Petitioner asserted an interest, by virtue of the original loan, in the Property. The Government reviewed documentation provided by Petitioner and determined that Petitioner is the sole party entitled to payment on the loan and has satisfied 21 U.S.C. § 853(n)(6)

2. By entering into this Consent Order, Petitioner agrees, upon the sale of the Property, to release and forever discharge its interest in the Property and release any deeds of trust or liens on the Property. In exchange for release of the interest, deeds of trust, and/or liens, the Government agrees, upon sale of the Property to pay an amount of "net proceeds" to Petitioner equivalent to the outstanding principal amount[2] due and owing on the loan as of the date of sale, all unpaid interest at the base contractual rate due and owing on the loan as of the date of sale, and all casualty insurance premiums and taxes paid by Petitioner as of the date of sale. For purposes of this Consent Order, the term, "net proceeds," shall mean any proceeds remaining after the Government has recovered the costs and expenses of maintaining and liquidating the Property. In no event shall Petitioner be entitled to payment in excess of the amounts identified herein and in no event shall Petitioner be entitled to payment in excess of the net proceeds. Acceptance of any purchase bid is in the sole discretion of the Government and Petitioner will not be consulted regarding the selection of a bid. However, in the event the highest purchase bid received is insufficient to pay the amount to which Petitioner is entitled pursuant to this paragraph, Petitioner will be notified and have the option to place a higher bid on the Property.

3. This Consent Order shall be in full settlement and satisfaction of all claims by Petitioner to the Property, all claims between Petitioner and the Government arising from any loan or note, the indebtedness for which is secured by the Property, and all claims against the United

---

[1] The Government stipulates for purposes of Fed. R. Crim. P. 32.2 and 21 U.S.C. § 853(n) that, even though Petitioner did not file a Petition herein, this Court may treat Petitioner as a "petitioner" under Rule 32.2 and Section 853(n) for purposes of this Consent Order and resolution of this matter.

[2] As of February 29, 2024, the outstanding principal balance of the loan was $346,461.96 (not including fees and accrued interest).

States resulting from the incidents or circumstances giving rise to this case.

4. Petitioner agrees not to pursue against the United States any rights that it may have under the deed of trust on the Property, including but not limited to the right to initiate foreclosure. Petitioner agrees to consent to any Government motion for final order of forfeiture of the Property. Petitioner understands and agrees that the United States reserves the right to terminate the forfeiture action at any time. Petitioner and the Government agree to execute further documents to convey clear title to the Property to the United States and implement this Consent Order, to the extent such action is necessary.

5. The Government and Petitioner waive any rights to further litigate between each other in this forfeiture action to the Property and agree that this Consent Order for Third Party Petition shall be in full settlement and satisfaction of all claims between Petitioner and the Government in this action to the Property and all claims between Petitioner and the Government resulting from the incidents or circumstances giving rise to the forfeiture of the Property.

6. Unless specifically directed by an order of the Court, Petitioner shall be excused and relieved from further participation in this action.

IT IS THEREFORE ORDERED THAT:

1. Based upon the stipulations of the parties herein that Petitioner satisfies one or more prongs of 21 U.S.C. § 853(n)(6), Petitioner is hereby ordered to, upon closing of sale of the Property by the Government, release and forever discharge any interest in, deeds of trust on, and/or liens on the Property and the Government is hereby ordered to, upon sale of the Property, disburse funds to Petitioner in the amount of the outstanding principal amount due and owing on the loan as of the date of sale, all unpaid interest at the base contractual rate due and owing on the loan as of the date of sale, and all

3

casualty insurance premiums and taxes paid by Petitioner as of the date of sale. In no event shall the Government by obliged to pay Petitioner an amount in excess of the net proceeds of liquidation of the Property.

2. Except as provided herein, each party shall be responsible for its own costs and attorney's fees.

Signed this __22d__ day of __July__, 2024.

*Robert J. Conrad*
HONORABLE ROBERT J. CONRAD
UNITED STATES DISTRICT JUDGE

ON MOTION OF AND BY CONSENT OF THE PARTIES:

**DENA J. KING**
**UNITED STATES ATTORNEY**

*[signature]*                      Dated: June 17, 2024

Benjamin Bain-Creed
Assistant United States Attorney
FL Bar 21436

**PETITIONER FREEDOM MORTGAGE CORPORATION**

*/s/ Tyler J. Mitchell*                      Dated: July 11, 2024
Tyler J. Mitchell, Esq.
Attorney for Freedom Mortgage Corporation
NC Bar No. 56836

5

Case 3:23-cr-00200-RJC-SCR   Document 40   Filed 07/22/24   Page 5 of 5